**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PAMELA BRODEUR, | : | |
| JUSTIN DAVIS, STEPHEN GRIDER, | : | |
| BRITTNEY LAMBERTSON, | : | |
| GARRETT A. MATTHEWS, | : | |
| COLIN NAYLOR, GREGORY FOXX, | : | |
| PATRICIA M. WATSON, on behalf | : | Case No. |
| of themselves individually and all others | : | |
| similarly situated; | : | **COLLECTIVE ACTION** |
| | : | |
| Plaintiffs, | : | COMPLAINT FOR DAMAGES, |
| vs. | : | INJUCTIVE RELIEF AND RESTITUTION |
| | : | |
| BURKE'S TIRE & LUBE, INC. AND | : | |
| JAMSHED BURKE, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

1. This is an action for relief resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. By filing this action, on behalf of them and all other similarly situated workers employed by Defendants, Plaintiffs seek damages, including overtime compensation, unpaid wages, which they and similarly situated employees were wrongly deprived, plus interest, damages, attorney fees and costs.

**JURISDICTION**

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claims arose in the District of Delaware, which is where venue is proper.

1

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, Garrett A. Matthews, (hereinafter "Matthews") a resident of Harrington, Delaware was at all times material, employed by Burkes Tire and Lube Inc. and Jamshed Burke as an entry level tire technician and was an employee as defined by 29 U.S.C. § 203 (e).

5. Matthews began his employment with Defendants on or about January 4, 2022.

6. Plaintiff, Justin Davis, (hereinafter "Davis") a resident of Alabama was at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as an tire technician and was an employee as defined by 29 U.S.C. § 203 (e).

7. Davis began his employment with Defendants on or about June 1, 2021.

8. Plaintiff, Colin Naylor, (hereinafter "Naylor") a resident of Smryna, Delaware was at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as a tire technician and was an employee as defined by 29 U.S.C. § 203 (e).

9. Naylor began his employment with Defendants on or about January 4, 2022.

10. Plaintiff, Stephen Grider, (hereinafter "Grider") a resident of Virginia was at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as an tire technician and was an employee as defined by 29 U.S.C. § 203 (e).

11. Grider began his employment with Defendants on or about November, 2021.

12. Plaintiff, Gregory Foxx, (hereinafter "Foxx") a resident of North Carolina was at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as an tire technician and was an employee as defined by 29 U.S.C. § 203 (e).

13. Foxx began his employment with Defendants on or about November 1, 2021.

14. Tire technician duties included plugging and patching tires, rotating and balancing tires, and the removal and installation of used and new tires.

15. Plaintiff, Pamela Brodeur, (hereinafter "Brodeur") a resident of Delaware was at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as an office worker and was an employee as defined by 29 U.S.C. § 203 (e).

16. Plaintiff, Brittany Lamberston, (hereinafter "Lambertson") a resident of Delaware was previously at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as an office worker and was an employee as defined by 29 U.S.C. § 203 (e).

17. Plaintiff, Patricia Watson, (hereinafter "Watson") a resident of Delaware was previously at all times material employed by Burkes Tire and Lube Inc. and Jamshed Burke as an office worker and was an employee as defined by 29 U.S.C. § 203 (e).

18. The office workers duties included non-exempt clerical work such as filing, billing, and answering phone calls.

19. All plaintiffs are covered "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

20. While working for Defendants, Plaintiffs were individually engaged in commerce or in the production of goods for commerce.

21. All Plaintiffs were all paid a uniform wage by the hour regardless of how many hours they actually worked.

22. Defendant Burke's Tire and Lube, Inc. ("Burkes's) is incorporated in the State of Delaware. Defendant Burke's is an employer as defined by 29 U.S.C. § 203(d), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the locations where Plaintiffs were employed.

23. Defendant, Jamshed Burke ("Burke"), is an individual who serves as an Owner and Supervisor for Burke's and maintains operational control over the company's daily operations and business activities regarding the allegations in this Complaint.

24. Defendants were engaged in various auto services including the installation of tires, wheel and front wheel alignments, car tune-up services, sale of new and used tires, and oil changes.

25. Defendants have four locations in Delaware: North Dover, South Dover, Milford, and Middletown.

### DEFENDANTS HAVE A POLICY OF REQUIRING EMPLOYEES TO WORK SIXTY HOURS A WEEK AND "WAIVE" OVERTIME PAY

26. Defendants Burke and Burke's had an expressed policy where employees worked 60 hours a week and were not paid time and half for working over forty hours.

27. Defendants' policy was so strident that it required employees to sign an illegal waiver of overtime pay in violation of the FLSA. See *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697 (1945). See Waiver below:

> **To Whom It May Concern**
>
> I, the under signed understand and agrees to work straight hourly rate with the management of Burke's Tire & Lube Inc. It means if I work in one week more than 40 hours I will get paid straight hourly rate not rate and half.
>
> **Employee Name & Signature:**
>
> Signature: _____
>
> Name: _____
>
> **Burke's Tire & Management:**
>
> Signature _____
>
> Name _____

28.     In addition, Defendants' illegally deducted money from Plaintiff's paycheck. 2/21/22 Paycheck attached as *Exhibit A*.

29.     By information and belief, these illegal policies are enforced in Defendants' four Delaware locations.

30.     At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce; had gross operating revenues in excess of $500,000.00; and employed two or more persons in interstate commerce.

31.     On February 22, 2022, Plaintiff Matthews sent Defendant Burke a letter informing Defendants that he was being denied overtime pay for his work over forty hours a week and that the Defendant deducted $25.00 from his paycheck for no reason. See the letter below:



32.     After Burke received the letter, Matthews was told on several occasions that he didn't understand the law in Delaware and that overtime wasn't required.

5

33. As a result of Matthews' letter, Burke reduced Matthews' hours and denied him the opportunity to work overtime.

34. In addition, Defendants terminated Matthews' employment.

## **COLLECTIVE DEFINITION**

35. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for Defendants and were compensated predominately based on an hourly amount without time and a half pay from the date three years prior to the date this Complaint was filed and who did not receive an overtime premium when they worked more than forty hours in a week (the "FLSA Collective" or "Collective").

36. Plaintiff reserves the right to redefine the Collective prior to notice and certification, and thereafter, as necessary.

37. As a result of Defendants' willful failure to compensate its employees including Plaintiffs and similarly situated current and former employees of Defendants, for all of the hours worked, Defendants has violated and continue to violate the FLSA, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 207(a)(1) and 215(a).

38. The foregoing conduct as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Plaintiffs allege on behalf of themselves individually and similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the FLSA, 29 U.S.C.§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for all of the time they travelled between the meeting site and job site and/ or overtime work for which they did not receive overtime premium pay, as required by law**,** (ii) liquidated damages, (iii) additional liquidated damages for unreasonably delayed payment of wages, reasonable attorney fees, and costs and disbursements of this action, pursuant to U.S.C.§ 216(b).

40. Plaintiffs bring this FLSA action, individually and as a collective action on behalf of themselves defined as "all employees of Defendants at any time between 2019 and the present who were victims of Defendants' policy and/or practice of requiring employees to waive their rights pursuant to FLSA and not pay them for overtime for every week employees worked over 40 hours."

41. All employees were required to work sixty hours and not get paid time and a half for all hours worked over forty.

42. In addition, Defendants violated FLSA by illegally making deductions in employees' paycheck in violation of 19 Del. Code §1107.

43. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in this case.

44. The Tire Tech Plaintiffs had the primary job duty of repairing and replacing tires and aligning wheels on automobiles used in interstate commerce.

45. The Office Worker Plaintiffs had the primary job duty of clerical work.

46. Plaintiffs and the Collective are not regularly engaged in the management and general business administration of Defendant's operations.

47. Plaintiffs and the Collective regularly worked 60 hours per workweek without being paid their proper overtime compensation, in violation of the FLSA.

48. Defendants have willfully failed to pay Plaintiff and the Collective overtime as required under the FLSA and have done so knowingly and without any good faith legal basis.

49. Defendants willfully operate under a common scheme to deprive Plaintiffs and the Collective of proper overtime compensation by paying them less than what is required under law.

50. Defendants were aware, by virtue of Plaintiff's letter and their misleading response, of its unlawful failure to pay overtime and recklessly chose to disregard the consequences of its actions.

### COUNT I:
### VIOLATION OF FLSA FOR UNPAID OVERTIME AGAINST DEFENDANTS BURKE'S TIRE & LUBE, INC. AND JAMSHED BURKE

51. Paragraphs 1 through 50 are incorporated as if referenced herein

52. At all relevant times herein, Burke's Tire & Lube, Inc. and Jamshed Burke have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: plaintiffs, and similarly situated employees since, have worked in excess of 40 hours a week every week of his employment, and were not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she employed.

53. At all relevant times herein, Burke's Tire & Lube, Inc. and Burke have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by employing Plaintiffs and similarly situated employees without compensation for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

54. The failure to pay overtime compensation to Plaintiffs and similarly situated employees is unlawful in that they were not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that they were neither a bona fide executive, administrative or professional employee.

55. Burke's Tire & Lube, Inc and Jamshed Burke have willfully violated the provisions of § 7 of the Act [29 U.S.C. §207] by having a policy and practice that Plaintiffs and

similarly situated current and former employees of the Defendants did not receive pay for breaks that were less than a half-hour.

56. Burke's Tire & Lube, Inc and Jamshed Burke actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and Plaintiffs' status and similarly situated employees' as non-exempt, but chose not to pay them in accordance with the Act.

## COUNT II
## ILLEGAL DEDUCTIONS UNDER 19 DEL. C §1107 AGAINST DEFENDANTS BURKE'S TIRE & LUBE, INC. AND JAMSHED BURKE

57. Paragraphs 1 through 56 are hereby realleged and incorporated herein by reference as if fully set forth herein.

58. Defendants, as employers, have, illegally deducted wages from Plaintiffs' paycheck in violation of 19 Del. C. 1107 et seq.

59. Defendants are liable to Plaintiffs for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages.

## COUNT III-FLSA RETALIATION PURSUANT GARRETT MATTHEWS ONLY AGAINST ALL DEFENDANTS

60. Paragraphs 1 through 59 are hereby realleged and incorporated herein by reference as if fully set forth herein.

61. Plaintiff Matthews engaged in protected activity when he sent a letter on February 22, 2022, informing Defendants that he was being denied overtime pay for his work over forty hours a week and that the Defendant deducted $25.00 from his paycheck for no reason.

62. From that point on, Defendants barred him from requesting overtime hours and reduced his hours in retaliation for his protected activity.

63. In addition, Defendants terminated his employment in retaliation for complaining about overtime.

64. There is a causal link between Plaintiff Matthews' protected activity and his reduction of hours along with termination.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated Collective Action Members and members of the class, respectfully requests that this Court grant the following relief against Burke's Tire & Lube, Inc and Jamshed Burke, jointly and severally:

a. Designation of the First Cause of Action under FLSA as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collection Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against Burke's Tire & Lube, Inc and Jamshed Burke and its officers, agents, employees, from engaging in each of the unlawful practices, policies and patterns as set forth in the above Complaint;

d. An award for unpaid wages including pre-judgment interest; from Defendants for all of the time they worked and were not compensated at all and/ or overtime work for which they did not receive overtime premium pay, as required by law;

e. An award of liquidated damages;

   f. An award of additional liquidated damages for unreasonably delayed payment of wages;

   g. Reasonable attorney fees, and costs and disbursements of this action, pursuant to U.S.C.§ 216(b).

             **THE POLIQUIN FIRM, LLC**

             /s/ Ronald G. Poliquin
             Ronald G. Poliquin, Esquire (No. 4447)
             1475 S. Governors Ave.
             Dover, DE 19904
             (302) 702-5001
             Attorney for Plaintiffs

DATED:  August 24, 2022